Filed 6/23/16  P. v. Siquiedo CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH RAY SIQUIEDO<br><br>    Defendant and Appellant. | 2d Crim. No. B264584<br>(Super. Ct. No. 2012020998)<br>(Ventura County) |

Joseph Ray Siquiedo was resentenced to a misdemeanor and placed on misdemeanor parole for one year pursuant to Penal Code section 1170.18.[1]  He appeals from subsequent orders revoking parole, ordering him to serve 140 days in county jail, and reinstating parole on the same terms and conditions upon his release from jail. Appellant contends that the trial court erroneously denied his request to have the one-year period of misdemeanor parole reduced by his excess custody credits, i.e., the number of days by which his time served in prison exceeds his misdemeanor sentence.  We affirm.

*Procedural Background*

In August 2012 appellant pleaded guilty to possession of heroin.  (Health & Saf. Code, § 11350, subd. (a).)  He admitted one prior prison term enhancement (§ 667.5, subd. (b)) and one prior "strike" within the meaning of California's "Three Strikes" law.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

(§§ 1170.12, subds. (a)-(d); 667, subds. (b)-(i).)  In October 2012 the trial court dismissed the strike and the prior prison term enhancement.  It sentenced appellant to prison for one year, four months.  In February 2013 he was released on postrelease community supervision (PRCS) for a period not exceeding three years.

At the general election on November 4, 2014, the voters approved Proposition 47, which went into effect the next day.  (Cal. Const., art. II, § 10, subd. (a).) Proposition 47 reclassified appellant's felony drug offense as a misdemeanor.

In December 2014 appellant filed a petition for recall of his sentence and for resentencing to a misdemeanor pursuant to section 1170.18, subdivisions (a) and (b). The court granted the petition, resentenced appellant to 365 days in county jail for the misdemeanor offense, gave him credit for time served of 365 days, and placed him on misdemeanor parole for one year pursuant to section 1170.18, subdivision (d).  The court denied his request to reduce the one-year parole period by his excess custody credits. Appellant did not appeal.

In April 2015 the trial court found appellant in violation of parole and revoked it.  It ordered appellant to serve 140 days in county jail.  Upon his release from jail, it ordered that parole be reinstated on the same terms and conditions.  The court again denied appellant's request to reduce the parole period by his excess custody credits. This time, appellant filed an appeal.

## *Discussion*

Appellant contends that, against the one-year period of misdemeanor parole, he is entitled to credit for the number of days by which his time served in prison exceeds his misdemeanor sentence.  This contention is without merit.  (*People v. Morales* (June 16, 2016, S228030) __ Cal.4th __ [2016 Cal. Lexis 4001].)

*Disposition*

The orders appealed from are affirmed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P. J.

TANGEMAN, J.

3

Charles W. Campbell, Judge

Superior Court County of Ventura

_____

Mark R. Feeser, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez, Robert M. Snider, Deputy Attorneys General, for Plaintiff and Respondent.